IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Melvin Anderson, ) | |
| ) | |
| ) | Civil Action No. 8:08-3197-HFF-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden, FCI-Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The plaintiff, a federal prisoner proceeding pro se, has filed this habeas petition pursuant to 28 U.S.C. § 2241.  This matter is before the Court on the respondent's motion for summary judgment (Dkt. # 8) and the petitioner's motion for sanctions (Dkt. # 21).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner filed this habeas action on September 16, 2008.[1]  On November 14, 2008, the respondent filed this motion for summary judgment.  By order filed November 17, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible

---

[1]This date reflects that the date on which the petition was stamped as having been received by the prison mailroom. (Pet. Attach. # 3.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

consequences if he failed to adequately respond to the motion. On January 5, 2009, the petitioner filed a response in which he opposed the respondent's summary judgment motion.

## FACTS PRESENTED

The petitioner is currently incarcerated at the Federal Correctional Institution in Coleman, Florida ("FCI-Coleman").[2] On March 24, 1988, the petitioner pled guilty to second degree murder and was sentenced by the United States District Court for the Middle District of Georgia to life.

On November 30, 1999, an initial parole hearing was held for the petitioner. The petitioner disputed information concerning some of the underlying facts regarding the murder. The hearing examiner also discussed three incident reports with the petitioner, two of which involved assaults on correctional staff. The hearing examiner concluded that the petitioner's actions leading up to the murder indicated that it was premeditated. He also found that the petitioner's behavior while incarcerated showed that he had a tendency to act violently. Based upon the circumstances of the murder and the petitioner's disciplinary record, the hearing examiner established parole guidelines of 124+ months to be served before release. The hearing examiner recommended that the Parole Commission ("Commission") deny parole and reconsider parole in 2014. The Commission

---

[2]The undersigned notes that the petitioner was transferred to FCI-Coleman in November 2008. (Dkt. # 11.) However, he was being held in South Carolina at the time he filed this petition. Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction. *United States v. Edwards*, 27 F.3rd 564 (4th Cir. 2008) (*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.1990)).

2

agreed with the hearing examiner and, on January 11, 2000, issued its decision to deny parole and hold a reconsideration hearing in 2014. The Commission advised the petitioner that its decision was more than 48 months above the minimum guidelines because of the following:

> [Y]ou intentionally murdered an individual involved with your estranged wife after purchasing a gun for the purpose of using it and after an ongoing dispute with your estranged wife for nearly a month. In addition, while incarcerated on this murder sentence, you have demonstrated further assaultive tendencies as evidenced by your DHO reports for assault on 2/25/94 and 4/1/93.

The petitioner appealed the decision to the National Appeals Board ("NAB"), and the NAB affirmed the Commission's decision.

The petitioner has had interim parole hearings in 2002, 2004, and 2006, and each time the Commission determined that there should be no change in the decision to continue the petitioner to a reconsideration hearing in 2014.

On February 26, 2008, another parole hearing was held and again the hearing examiner recommended no change in the decision to continue the petitioner to a reconsideration hearing in 2014. The hearing examiner discussed the petitioner's program achievement during the preceding two years, but concluded that it did not warrant an award for superior program achievement. The Commission agreed with the hearing examiner's recommendation. The petitioner appealed the Commission's decision claiming that there were mitigating circumstances that would justify a more lenient decision. The

NAB affirmed the Commission's decision finding that the mitigating circumstances did not outweigh the seriousness of his offense conduct.

The petitioner alleges the Commission has failed to comply with 18 U.S.C. § 4206 and its decision to deny him parole was arbitrary and capricious. (Pet. at 3-4.) He is seeking a declaratory judgment that the Commission's latest decision is unlawful and injunctive relief in the form of an order setting his parole release date within ninety days of the order. (Pet. at 5.)

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

As noted above, the petitioner seeks release on parole within ninety days. The undersigned notes that the only habeas relief available to the petitioner for the stated allegations would be a rehearing. *See Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 944 (2d Cir. 1976) ("the only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time . . ."). The court is not authorized to grant the petitioner parole and release him.

In Ground One, the petitioner contends that under 18 U.S.C. § 4206, the Commission should have found that he was suitable for parole. In Ground Two, the petitioner contends that the Commission's decision was arbitrary and capricious. A court cannot review the discretionary decision of the Commission to deny parole under an abuse of discretion standard. *Garcia v. Neagle,* 660 F.2d 983, 989 (4th Cir. 1981).[3] Parole decisions are not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." *Page v. Pearson,* 261 F.Supp.2d 528, 530 (E.D.Va. 2003). Nonetheless, a district court may review the Commission's decision to determine whether it violates constitutional, statutory, regulatory or other restrictions. *Id.  See also Gruber v. United States Parole Comm'n,* 792 F.Supp. 42 (N.D.W.Va.1992). Thus, while the court cannot review the petitioner's claim that the decision of the Commission was arbitrary and capricious, the court can examine the petitioner's claim that the hearing examiner violated an applicable statute.

Specifically, the petitioner contends that the Commission has failed to comply with § 4206(a). Section 4206(a) states:

---

[3]The circuits are split as to whether Commission decisions are not be subject to review for an abuse of discretion; those circuits that do review Commission decisions only subject them to a deferential standard. *Moreno-Morales v. U.S. Parole Com'n,* 1998 WL 124718, at *3 n. 1 (1st Cir. 1998). The Third, Sixth, Eighth, and Ninth Circuits have held that Commission decisions are not subject to abuse of discretion review, while the Seventh and Fifth Circuits have held that Commission decisions are subject to deferential review. *See Jones v. United States Bureau of Prisons,* 903 F.2d 1178, 1183 (8th Cir. 1990); *Wallace v. Christensen,* 802 F.2d 1539, 1553 (9th Cir. 1986); *Farkas v. United States,* 744 F.2d 37, 38 (6th Cir. 1984); *Garafola v. Wilkinson*, 721 F.2d 420, 423-24 (3d Cir.1983); *Hanahan v. Luther,* 693 F.2d 629, 632 (7th Cir. 1982); *Simpson v. Ortiz,* 995 F.2d 606, 608 (5th Cir.1993).

> If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
>
> (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and
>
> (2) that release would not jeopardize the public welfare; subject to the provisions of subsections (b) and (c) of this section, and pursuant to the guidelines promulgated by the Commission, pursuant to section 4203(1a)(1), such prisoner shall be released.

18 U.S.C. § 4206(a).

Here, the Commission determined at the petitioner's initial parole hearing that the nature of the murder indicated that the petitioner acted with premeditation, and that his conduct in the institution was consistent with the characteristics of a violent person. (Resp't's Mem. Supp. Summ. J. Mot. Ex. C.) Further, the Commission determined that the petitioner's release would "depreciate the seriousness of the offense." (*Id.* Ex. H at 2 & Ex. K.)

In this case, the petitioner's challenge of the denial of parole based upon the seriousness of his offense and his claim that the Commission relied upon erroneous facts in his presentence report are essentially an attempt to raise again an issue he has raised in earlier habeas actions.[4] This becomes clear upon reading the petitioner's memorandum

---

[4]Further, as the petitioner is alleging prejudice because of the Commission's reliance on alleged inaccuracies in the presentence report, he is really challenging the execution of the sentence, *Johnson v. United States*, 805 F.2d 1284, 1291 (7th Cir.1986), and a federal criminal defendant's conviction and sentence are only subject to collateral attack in a proceeding before the sentencing court pursuant to § 2255, *United States v. Addonizio*, 442

7

opposing summary judgment in which he repeatedly refers to the evidence against him as "sham evidence" and he alleges the Assistant United States Attorney "commenced prosecution against the petitioner without probable cause and fabricated the criminal indictment to charge the petitioner with murder," and the Clerk of Court "falsely created and/or manufactured the Criminal Record . . . to state that an indictment and votes of the grand jury were filed October 15, 1987." (Pet'r's Mem. Opp. Summ. J. Mot. at 4.)

The petitioner has challenged his conviction in the United States District Court for the Middle District of Georgia numerous times. In *Anderson v. U.S.*, 2005 WL 2277484 * 5 (M.D.Ga. 2005), the court addressed the petitioner's claims of lack of subject matter jurisdiction due to an alleged invalid and altered/amended indictment, an invalid information, and prosecutorial misconduct. The court recounted the petitioner's prior actions:

> The issues raised herein were raised by Petitioner in various motions no fewer than forty-two times (42) prior to the filing of this motion. The District Court has addressed these issues and responded, in some way, no fewer than twenty-five times and The Court of Appeals has addressed these issues at least fourteen times. This court should also take note that the exact issue Petitioner's proffers in his present petition was raised by his Motion to Vacate and Dismiss Criminal Information and Vacate Judgment and Sentence for Want of Subject-Matter Jurisdiction filed on May 30, 2000, denied by Order of this court on July 24, 2000, which was tacitly affirmed by the Eleventh Circuit Court of Appeals on April 4, 2001 by its denial of Petitioner's Certificate of Appealability. Additionally, the issue was addressed in his Rule 35 Motion, denied by Order

---

U.S. 178, 179 (1979). As noted above, the petitioner was sentenced in the United States District Court for the Middle District of Georgia.

> of this Court on October 31, 2002, as well as upon reconsideration, and dismissed by the Court of Appeals on February 12, 2003. More Writs, Appeals and Motions followed, all of which addressed the same jurisdictional issues and all of which were denied by either the District Court or The Court of Appeals.

Most recently, in *Anderson v. U.S.*, 2009 WL 44705 (M.D.Ga. 2009), the petitioner's latest habeas petition was dismissed as successive. In that action, the petitioner moved the court to vacate his sentence due to fraud upon the court by the United States Attorney and the Clerk of Court.

The abuse of the writ doctrine bars second or successive habeas petitions which raise matters already adjudicated in a previous petition. *See Zayas v. INS,* 311 F.3d 247, 252-53 (3rd Cir. 2002) *Zayas,* 311 F.3d at 252-53; *Mendez v. United States,* No. 04-HC-90-FL, 2004 WL 3327911, *2 n. 1 (E.D.N.C. 2004). The abuse of the writ doctrine, as set forth in *McClesky v. Zant*, 499 U.S. 467, 489 (1991), was not supplanted by the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second successive petitioners raising new claims to be authorized by the appropriate court of appeals. *See Zayas,* 311 F.3d at 252-53; 28 U.S.C. §§ 2244(b) and 2255. Although some circuits have found that the "gatekeeping" provisions of §§ 2244(b) and 2255 do not apply to petitions filed under § 2241, such petitions may nonetheless be dismissed if they constitute abuse of the writ. *Zayas,* 311 F.3d at 255-56; *see also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

9

Therefore, because these claims already have been adjudicated in petitioner's prior petitions, these claims should be dismissed as an abuse of the writ.

Arguably, one claim was not, and could not have been raised, in previous petitions by the petitioner. The petitioner contends that the Commission should now grant him parole partly for his superior program achievement. 28 C.F.R. § 2.60 authorizes an award for program achievement states that in the case of a prisoner who has a clear conduct record, and demonstrates sustained superior program achievement, a limited advancement may be granted. The record shows that during the petitioner's latest parole hearing, the Commission considered the petitioner's good work reports, his participation in Alcoholics Anonymous, and his completion of business and legal courses. However, the Commission concluded that these accomplishments did not deserve an award for superior program achievement and the decision to grant such an award is entirely within the Commission's discretion and is not subject to judicial review. *Garcia v. Neagle*, 660 F.2d at 987 (judicial review is not available where the statute precludes review or the action is committed to agency discretion).

Finally, to the extent that the petitioner is attempting to allege an equal protection claim, this claim also fails because, other than conclusory statements, he has not shown how he has been treated differently from other similarly situated prisoners. *See Bailey v. Reilly*, 2007 WL 840324 *8 (D.S.C. Mar. 15, 2007).

The petitioner has also recently filed a motion for sanctions asking that the United States Assistant Attorney Barbara Bowens be sanctioned for filing a frivolous summary

judgment motion, failing to inform the court that the Commission is relying on false and misleading information, and failing to disclose material facts to the court. (Dkt. # 21.) Based upon the foregoing, the undersigned recommends that this motion be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 8) be GRANTED; the Petitioner's Motion for Sanctions (Dkt. # 21) be DENIED; and the Petitioner's Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

April 1, 2009
Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).